# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MORRIS A. BRANDON, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 08-2002 (RMU) |
| | : | | |
| JOHN E. POTTER, | : | | |
| In his official capacity as Postmaster | : | | |
| General, United States Postal Service, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DISMISSING THIS MATTER WITHOUT PREJUDICE

The plaintiff commenced this action on November 19, 2008. *See generally* Compl. On May 3, 2010, the court issued an order directing the plaintiff to show cause on or before May 31, 2010 why this case should not be dismissed for failure to prosecute. *See* Minute Order (May 3, 2010). The plaintiff has failed to comply with the court's show cause order. Indeed, the plaintiff has filed nothing in this case since he requested that the court stay the case for a period of thirty days in January 2009.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *see also* FED. R. CIV. P. 41(b) (authorizing the involuntary dismissal of actions based on the plaintiff's failure to prosecute); LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) (observing that "[i]f district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical"). This Circuit has cautioned, however, that dismissal with prejudice for failure to prosecute is a

"harsh sanction" reserved for "cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success," *Noble v. U.S. Postal Serv.*, 71 Fed. Appx. 69, 69 (D.C. Cir. 2003) (citing *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186-87 (D.C. Cir. 1985)).

In accordance with these principles, the court will not dismiss this matter with prejudice, but will instead impose the less dire sanction of dismissal without prejudice based on the plaintiff's failure to prosecute this action or comply with the court's show cause order. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of August, 2010.

                                                      RICARDO M. URBINA
                                                    United States District Judge